Grant Smith, 7-5359
Research & Writing Specialist
633 17th Street, Suite 1000
Phone: (303)-294-7002
Fax: (303)-294-1192
Grant_Smith@fd.org



**FILED**

*8:32 am, 5/19/16*
**Stephan Harris**
**Clerk of Court**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| **CHRISTOPHER LEE SWARTWOOD**, | ) | |
| | ) | |
| Petitioner, | ) | Civil Case No. 16-CV-128-S |
| | ) | |
| v. | ) | No. 12-CR-00179-01S |
| | ) | |
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Respondent. | ) | |

_____

28 U.S.C. § 2255
Motion to Vacate Sentence
_____

Christopher Lee Swartwood, through undersigned counsel, respectfully moves this Court, pursuant to 28 U.S.C. § 2255, to vacate his sentence because it violates the Fifth Amendment's Due Process Clause. Mr. Swartwood is entitled to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). His sentence violates *Johnson* because the Court increased it based on the residual clause of § 4B1.2(a) of the United States Sentencing

Guidelines. This Court should vacate the sentence and set this matter for resentencing.

## BACKGROUND

This motion challenges Mr. Swartwood's 84-month sentence for one count of felon in possession of a firearm. (Doc. 57, at 2).[1] Before imposing sentence, this Court determined that Mr. Swartwood's guideline sentencing range was 92 to 115 months' imprisonment. (Statement of Reasons at 1). At the government's request, the Court granted a downward departure and sentenced Mr. Swartwood to 84 months.

The initial guideline range of 92 to 115 months, which served as the starting point for the Court's sentencing determination, was based on the finding that Mr. Swartwood had previously committed two "crimes of violence" within the meaning of U.S.S.G. § 2K2.1 and § 4B1.2. This increased Mr. Swartwood's base offense level from 14 to 24. (*See* PSR at 6). In reaching this determination, it appears that the Court relied on Mr. Swartwood's 1998 conviction for second degree burglary in Missouri and a 2004 conviction for aggravated assault and battery in Wyoming. (*See* PSR at 6).

Application of the prior-crime-of-violence increase raised Mr. Swartwood's guideline range substantially. (*See* § 2K2.1). Without apply the

---

[1] With the exception of the Presentence Report and the Statement of Reasons, documents in the Clerk's CM/ECF Docket report are cited as "Doc.___".

10-level increase under § 2K2.1(a)(2) Mr. Swartwood's guideline range would have been 33-41 months. As set forth below, this Court sentenced Mr. Swartwood under § 4B1.2(a)'s residual clause, in violation of his rights under *Johnson*. Mr. Swartwood should therefore be resentenced without the 10-level increase.

## DISCUSSION

### I. The holding in *Johnson*.

The Armed Career Criminal Act (ACCA) provides for an increased sentence when a defendant has three prior drug crimes or violent felonies. Prior to the Supreme Court's holding in *Johnson*, there were three ways that a non-drug crime could qualify as an ACCA predicate. Specifically, the ACCA defined the term "violent felony" to mean

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another* . . .

18 U.S.C. § 924(e)(2)(B) (emphasis added).

In *Johnson*, the Supreme Court held that the phrase "otherwise involves conduct that presents a serious potential risk of physical injury to

another," was unconstitutionally vague. The Court explained that the "indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges," and therefore "[i]increasing a defendant's sentence under the clause denies due process of law." *Johnson*, 135 S. Ct. at 2557. Thus, after *Johnson*, a prior felony only qualifies as a "violent felony" for ACCA purposes if it satisfies the "force clause" (i.e., if "it has as an element the use, attempted use, or threatened use of physical force against the person of another") or if it satisfies the "enumerated-offenses clause" (i.e., if it "is burglary, arson, or extortion, [or] involves use of explosives"). 18 U.S.C. § 924(e).

The Guidelines have a provision substantially similar to the ACCA, except that defendants may qualify for an increased sentence under the Guidelines when they have fewer than three prior violent or drug felonies. U.S.S.G. §§ 2K2.1(a)(4)(A) and 4B1.2(a).[2] The Tenth Circuit has held that

---

[2] The felon-in-possession Guideline, § 2K2.1, provides for a base offense level of 14, § 2K2.1(a)(6)(A), but increases that level to 24 if the defendant has two prior felony convictions "of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(2). That Guideline, in turn, incorporates the following definition of "crime of violence," found in § 4B2.1(a):

> . . . any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

4

*Johnson*'s vagueness holding applies equally to the Guidelines. *United States v. Madrid*, 805 F.3d 1204, 1210 (10th Cir. 2015). As the Tenth Circuit explained, simply: "If one iteration of the [residual] clause is unconstitutionally vague, so too is the other." *Id.* The fact that the "Guidelines are advisory, and not statutory, does not change [the] analysis." *Id.*; *see also In re Encinias*, --F.3d--, 2016 WL 1719323 at *1 (10th Cir. April 29, 2016) (per curiam).

## II. The Court relied on the residual clause to determine that Mr. Swartwood's prior offenses were crimes of violence.

Mr. Swartwood is entitled to relief because this Court sentenced him under the Guideline's residual clause which *Johnson* condemned as a violation of due process. Although the record does not explicitly state how the Court determined that Mr. Swartwood's prior convictions were "crimes of violence" to satisfy § 2K2.1(a)(2), the only way the Court could have made such a finding was by applying the residual clause. Mr. Swartwood's prior convictions do not qualify as crimes of violence under any other provision of § 4B1.2(a).

---

> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

The two remaining ways for the crimes to constitute a crime of violence after *Johnson* are (1) if they fit in the enumerated-offenses clause or (2) if they fit in the force clause. As will be shown below, neither of Mr. Swartwood's predicate crimes qualify as crimes of violence under either of these two clauses.

   1. **Wyoming aggravated assault is not an enumerated offense, nor is it covered by the force clause of U.S.S.G. § 4B1.2.**

It is indisputable that Mr. Swartwood's conviction for aggravated assault and battery is not an enumerated-offense under U.S.S.G. § 4B1.2(a)(2).[3] Although the commentary to § 4B1.2(a) defines "crime of violence" to include aggravated assault, the application note cannot be applied consisted with *Johnson*. This is because the list of offenses included in Application Note 1 to U.S.S.G. § 4B1.2(a) is an interpretation of that provision's residual clause. *See United States v. Soto-Rivera*, 811 F.3d 53, 60 (1st Cir. 2016). Absent the residual clause, "[t]here is simply no mechanism or textual hook in the Guideline that allows [courts] to import offenses not specifically listed therein into § 4B1.2(a)'s definition of 'crime of violence.'" *Id.* Applying pre-*Johnson* commentary interpreting the residual clause, just like applying pre-*Johnson* case law interpreting the residual

---

[3] The enumerated offenses are burglary of a dwelling, arson, extortion, and crimes involving use of explosives. U.S.S.G. § 4B1.2(a)(2).

clause, violates due process. *Cf. Johnson*, 135 S.Ct. at 2563 (overruling prior cases interpreting the residual clause). And courts may not apply guidelines commentary if it violates the Constitution. *See Stinson v. United States*, 508 U.S. 36, 37 (1993). The same holds true for the Guidelines. *See United States v. Servin-Acosta*, 534 F.3d 1362 (10th Cir. 2008).

### A. Wyoming aggravated assault is not a crime of violence under the commentary to § 4B1.2.

Even if the application note did apply, aggravated assault with a deadly weapon in Wyoming is broader than the generic offense of aggravated assault with a deadly weapon as contemplated by the commentary. When determining whether a particular offense is broader than its generic counterpart, courts employ "a categorical approach that looks to the words of the statute and judicial interpretations of it, rather than the conduct of any particular defendant convicted of that crime." *United States v. McConnell*, 605 F.3d 822, 825 (10th Cir. 2010). "[I]f the statute sweeps more broadly than the generic crime, a conviction under that law cannot count as an ACCA predicate, even if the defendant actually committed the offense in its generic form." *Descamps v. United States*, 133 S.Ct. 2276, 2283 (2013).

Assuming *arguendo* that Wyoming's aggravated assault and battery statute is divisible, Mr. Swartwood's crime of conviction was Aggravated

7

Assault and Battery – Threaten with a Weapon in violation of Wyo. Stat. § 6-2-502(a)(iii). This statute provides:

> (a) A person is guilty of aggravated assault and battery if he:…
> (iii) Threatens to use a drawn deadly weapon on another unless reasonably necessary in defense of his person, property or abode or to prevent serious bodily injury to another….

*Id.*

This statute is broader than the generic crime of aggravated assault. Generic aggravated assault "is an offense that has an element either the causing of serious bodily injury or the use of a dangerous weapon." *United States v. Gastelum-Laurean*, 370 Fed.App'x 938, 941 (10th Cir. 2010) (unpublished). The generic definition of deadly or dangerous weapon is an "instrument which will cause death or great bodily harm when used in the ordinary and usual manner contemplated by its design and construction." 2 Wharton's Criminal Law § 197 (15th ed. Sept. 2015 Update). By contrast, Wyoming has an extraordinarily broad definition of "deadly weapon." In Wyoming, "'[d]eadly weapon' means but is not limited to a firearm, explosive or incendiary material, motorized vehicle, an animal, or other device, instrument, material or substance, which in the manner it is used or is intended to be used is reasonably capable of producing death or serious bodily injury." Wyo. Stat. § 6-1-104(a)(iv). Because the Wyoming statute sweeps more broadly, Mr. Swartwood's conviction cannot be classified as a

8

crime of violence under the Guideline's commentary. *See Taylor*, 495 U.S. at 602. (holding that a crime is not an enumerated offense unless the definition of the crime corresponds with the generic definition of the offense enumerated). Accordingly, a conviction under Wyo. Stat. § 6-2-502(a)(iii) does not qualify as a crime of violence under commentary to the Guidelines.

### B. Wyoming aggravated assault is not a crime of violence under the force clause of § 4B1.2.

Likewise, the force-clause does not capture Wyoming aggravated assault because Wyo. Stat. § 6-2-502(a)(iii) does not have as an element the use, attempted use, or threatened use of physical force. Physical force is characterized by "mechanical impact," i.e., the "transfer[]" of "[k]inetic energy" "to the body of the victim." *United States v. Rodriguez-Enriquez*, 518 F.3d 1191, 1194 (10th Cir. 2008). The Tenth Circuit has contrasted physical force with force of the sort caused by a poison, which achieves its effect "by chemical action, not by mechanical impact." *Id.*

In light of Wyoming's expansive definition of "deadly weapon," it is possible to commit a § 6-2-502(a)(iii) assault without threatening force that is physical. As noted, a "deadly weapon" in Wyoming can be any "material or substance [that] is reasonably capable of producing death or serious bodily injury." Wyo. Stat. § 6-1-104(a)(iv). A person might threaten to use a deadly weapon – as defined by the Wyoming statute – by threatening to

spray mace into a victim's face. *See, e.g., Com. v. Lord*, 770 N.E.2d 520 (Mass. App. 2002). Similarly, a person could threaten to use a deadly weapon by threatening to dash a victim with acid. *See, e.g., State v. Shackley*, 750 S.W.2d 99 (Mo. App. 1988). To threaten with mace or acid would be to threaten with a noxious chemical. In such a case, the victim would not be threatened with "mechanical impact." *Rodriguez-Enriquez*, 518 F.3d at 1194. Accordingly, the force-clause does not capture Mr. Swartwood's aggravated assault conviction.

### 2. Neither the force clause nor the enumerated-offenses clause captures Missouri second-degree burglary.

It is indisputable that Missouri second-degree burglary is not a crime of violence under the force clause. However, generic burglary is an enumerated offense. But because Missouri's definition of burglary sweeps far more broadly than the generic version of the crime, it would only qualify as a predicate offense under the residual clause of the guidelines.

In this case, the statute is not divisible. Accordingly, the court is limited only to the language of the statute and not the facts of the crime or any other underlying documents. *See Descamp*, 133 S.Ct. at 2283.

Missouri second-degree burglary -- R.S.Mo. § 569.170 -- provides that a "person commits the crime of burglary in the second degree when he knowingly enters unlawfully or knowingly remains unlawfully in a building

or inhabitable structure for the purpose of committing a crime therein." The phrase "inhabitable structure" is further defined in R.S.Mo. § 569.010.

> [i]nhabitable structure includes a ship, trailer, sleeping car, airplane, or other vehicle or structure:
> (a) Where any person lives or carries on business or other calling; or
> (b) Where people assemble for purposes of business, government, education, religion, entertainment or public transportation; or
> (c) Which is used for overnight accommodation of person. Any such vehicle or structure is "inhabitable" regardless of whether a person is actually present.

R.S.Mo. § 569.010

This language expands the generic definition of burglary. The Missouri legislature defined "inhabitable structure" with "the specific intent to broaden the objects of forcible entry which would trigger the applicability of the [burglary] statute." *State v. Gully*, 716 S.W.2d 892, 894 (Mo. App. 1986). In service of the legislature's goal, the Missouri courts have expansively defined the term "inhabitable structure." In *State v. Pullis*, 822 S.W.2d 541 (Mo. App. 1992), the court found that a removable greenhouse, assembled only three months a year met the definition. To buttress its conclusion, the court defined "structure" as "something constructed or built" or "something made up of more or less interdependent elements or parts." *Id.* at 545. In sum, the Missouri statue covers burglary of ships, trailers, sleeping cars, airplanes and anything constructed or built of different parts. This statute sweeps far more broadly than generic burglary.

The generic definition of burglary is "an unlawful or unprivileged entry into, or remaining in, *a building or other structure*, with intent to commit a crime." By contrast, the Missouri statue includes not only *buildings and other structures* but also *ships, trailers, sleeping cars, airplanes, and anything constructed or built of different parts*. As a result, the enumerated-offenses clause does not capture Missouri second-degree burglary.

## CONCLUSION

Because neither of Mr. Swartwood's predicate crimes are captured by the force-clause or the enumerated-offenses clause, the Court had to find they were crimes of violence under the residual clause. Accordingly, after *Johnson*, Mr. Swartwood's increased base level under § 2K2.1(a)(2) is unconstitutional.

**WHEREFORE**, this Court should vacate Mr. Swartwood's sentence and set this matter for resentencing.

**DATED** this 19th day of May, 2016.

    Respectfully submitted,
    VIRGINIA L. GRADY
    Federal Public Defender

    s/ *Grant Smith*
    GRANT SMITH
    Research & Writing Specialist
    633 17th Street, Suite 1000
    Denver, CO 80202
    Telephone: (303) 294-7002
    FAX: (303) 294-1192

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    David Kubichek, United States Attorney
    Email: david.kubichek@usdoj.gov

    Jason Conder, United States Attorney
    Email: Jason.Conder@usdoj.gov

                                    s/ *Grant Smith*
                                    Grant Smith